UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

LANCE FRANKLIN,                                Case No.:

     Plaintiff,

vs.

THE KIMBERLY CENTER, LLC.,

     Defendant.
_____/

## COMPLAINTAND DEMAND FOR JURY TRIAL

Plaintiff, LANCE FRANKLIN ("Mr. Franklin"), by and through the undersigned counsel, hereby sues Defendant, THE KIMBERLY CENTER, LLC ("KIMBERLY"). In support thereof, Mr. Franklin states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq*. ("FLSA") to recover unpaid minimum wages and overtime compensation owed to Mr. Franklin. In addition to their claims under the FLSA, Mr. Franklin brings this action for breach of employment agreements with Kimberly to recover unpaid wages that he earned while employed by Kimberly.

### JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Mr. Franklin claims arising under the FLSA pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Mr. Franklin's claims for unpaid wages pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in the United States District Court for the Middle District of Florida, Fort Meyers Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Lee County, Florida.

4. Mr. Franklin was and is a resident of Lee County, Florida.

5. Defendant Kimberly was and is a Florida corporation conducting business in Lee County, Florida and subject to the requirements of the FLSA.

6. At all times material, Mr. Franklin was an "employee" of Defendants pursuant to 29 U.S.C. § 203(e)(1), Kimberly was Mr. Franklin "employers" within the meaning of 29 U.S.C. § 203(a) and (d), and Kimberly "employed" Mr. Franklin within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7. Kimberly owns and operates a drug and alcohol treatment center.

8. Mr. Franklin was employed by Kimberly between June 14, 2018 and June 21, 2018 to work at Kimberly's Fort Meyers, Florida location.

9. Kimberly agreed to pay Mr. Franklin wages for his services rendered during his employment with Kimberly, and Mr. Franklin in fact provided services to Kimberly while under its employ.

10. Despite Kimberly's agreement to pay Mr. Franklin wages for his services, Kimberly has not compensated Mr. Franklin for the hours he worked for Kimberly between June 14, 2018 through June 21, 2018.

11. As a result, Kimberly has failed to pay Mr. Franklin wages due to him.

12. Additionally, Mr. Franklin worked in excess of forty (40) hours on the aforesaid dates employed by Kimberly, however, Kimberly has not compensated Mr. Franklin for such overtime hours at time and one-half of the regular rate of pay.

## COUNT I
## (FLSA MINIMUM WAGE CLAIM)

13. Plaintiff hereby incorporate by reference the allegations contained in paragraphs 1 through 12 as if fully restated herein.

14. Between the dates of June 14, 2018 and June 21, 2018 of Mr. Franklin's employment, Mr. Franklin accrued approximately forty-four (44) hours of unpaid wages at a rate of twenty dollars per hour. Mr. Franklin earned the forty-four (44) hours of unpaid wages as a direct result of his labor for Kimberly.

15. Kimberly has refused to pay Mr. Franklin his unpaid wages.

16. Kimberly's conduct in failing to pay Mr. Franklin's wages owed to him for hours worked violates the minimum wage provisions of the federal Fair Labor Standards Act at 29 U.S C. §206.

17. The Defendants' conduct in failing to pay the Plaintiffs minimum wages owed to them for hours worked was in willful disregard of the Plaintiffs' legal rights.

18. As a result of the Defendants' unlawful conduct as described above, the Plaintiffs suffered a loss of wages.

**WHEREFORE,** plaintiff respectfully requests the court to enter a judgment granting her damages against this defendant as follows:

i. Unpaid overtime wages;

ii. Pre-judgment and post-judgment interest;

iii. Liquidated damages;

iv. Attorney fees and costs;

v. Any further damages allowed under the FLSA; and

vi. Any further relief which this court deems reasonable and just.

## COUNT II
### (VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA)

19. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 18 as if fully restated herein.

20. Kimberly's failure to provide Mr. Franklin overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

21. Kimberly willfully violated the FLSA by failing to compensate Mr. Franklin for time worked between June 14, 2018 through June 21, 2018.

22. As a result of Kimberly's unlawful acts in refusing to pay Mr. Franklin wages, Mr. Franklin has suffered damages.

**WHEREFORE,** plaintiff respectfully requests the court to enter a judgment granting her damages against this defendant as follows:

i. Unpaid overtime wages;

ii. Pre-judgment and post-judgment interest;

iii. Liquidated damages;

iv. Attorney fees and costs;

v. Any further damages allowed under the FLSA; and

vi. Any further relief which this court deems reasonable and just.

## COUNT III

### (FLORIDA MINIMUM WAGE ACT—UNPAID WAGES)

23. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 22 as if fully restated herein.

24. Between the dates of June 14, 2018 and June 21, 2018 of Mr. Franklin's employment, Mr. Franklin accrued approximately forty-four (44) hours of unpaid wages at a rate of twenty dollars per hour. Mr. Franklin earned the forty-four (44) hours of unpaid wages as a direct result of his labor for Kimberly.

25. Kimberly has refused to pay Mr. Franklin his unpaid wages.

26. Consequently, Kimberly willfully violated Florida Statute § 448.110 and Florida by failing to compensate Mr. Franklin for time worked.

27. As a result of Kimberly's unlawful acts in refusing to pay Mr. Franklin wages, has suffered damages.

28. Pursuant to Florida Statute § 448.110(6)(c)(l), Mr. Franklin is entitled to liquidated damages in the same amount of unpaid back wages.

29. Pursuant to Florida Statute § 448.110(6)(c)(l), Mr. Franklin is entitled to attorney's fees and costs for the purposes of bringing this action.

30. On July 12, 2018, Kimberly was provided written notice identifying the applicable wages sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat, § 448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

31. Due to Kimberly's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages,

prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § , 448.08, § 448.104 and § 448.110.

**WHEREFORE,** plaintiff respectfully requests the court to enter a judgment granting her damages against this defendant as follows:

i. Unpaid overtime wages;

ii. Pre-judgment and post-judgment interest;

iii. Liquidated damages;

iv. Attorney fees and costs; and

vi. Any further relief which this court deems reasonable and just.

## COUNT IV
### (BREACH OF CONTRACT TO RECOVER UNPAID WAGES)

32. Mr. Franklin hereby incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully restated herein.

33. Kimberly agreed to compensate Mr. Franklin for services he provided while employed by Kimberly.

34. Kimberly failed to pay Mr. Franklin the wages they agreed to pay him for such services.

35. Kimberly's failure to pay Mr. Franklin the wages owed to him constitutes a breach of his employment agreement with Kimberly.

36. Mr. Franklin has suffered damages as a result of Kimberly's breach of his employment agreement.

**WHEREFORE,** plaintiff respectfully requests the court to enter a judgment granting her damages against this defendant as follows:

i. Unpaid overtime wages;

ii. Pre-judgment and post-judgment interest;

iii. Liquidated damages;

iv. Attorney fees and costs;

v. Any further damages allowed under the FLSA; and

vi. Any further relief which this court deems reasonable and just.

RESPECTFULLY SUBMITTED, this 10th day of October, 2018.

       LANCE FRANKLIN, Plaintiff
       By: /s/ MOSHE RUBINSTEIN
       MOSHE RUBINSTEIN LAW FIRM, P.A.
       Moshe Rubinstein, Esq.
       Florida Bar no. 96704
       6100 Hollywood Blvd., Suite 305
       Hollywood, FL 33024
       (954) 987-0040 – Tel. (954) 967-6603 – Fax
       moshe@moshelaw.com – Email
       Servic